UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61475-CIV-SINGHAL

ONE FOR ISRAEL, a Texas nonprofit
corporation, EITAN BAR, and
MORDECHAI VAKNIN,

    Plaintiffs,

v.

YARON REUVEN,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Plaintiffs' Motion for Substitute Service on Defendant and Incorporated Memorandum of Law (DE [9]) and Second Motion for Extension of Time to Serve Defendant (DE [10]).  Plaintiffs filed this action on July 21, 2021, but have been unable to serve Defendant Yaron Reuven ("Defendant").  Plaintiffs now move for an Order permitting service upon Defendant by substituted service pursuant to section 48.181(1), Florida Statutes.  Additionally, in the motion for extension to serve, Plaintiffs request an additional ninety days to effect service of process on Defendant.

    Plaintiffs claim Defendant is a resident of the State of Florida but is concealing his whereabouts in order to evade service.  Plaintiffs ask that they be allowed to serve Defendants by substitute service on the Secretary of State consistent with Florida law. Federal Rule of Civil Procedure 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Section 48.181,

Florida Statutes, permits plaintiffs to treat the Secretary of State as an agent for service of process in certain instances.  The jurisdictional requirements of section 48.181 are that the defendant conducts business in Florida and is either a (1) nonresident, (2) resident of Florida who subsequently became a nonresident, or (3) resident of Florida concealing his or her whereabouts.  *See* Fla. Stat. § 48.181(1).  Usually, "[t]o perfect substitute service under § 48.181, the plaintiff must allege in the complaint the jurisdictional basis for invoking the statute." *Taverna Opa Trademark Corp. v. Ismail*, 2009 WL 1220513, at *1 (S.D. Fla. Apr. 30, 2009) (emphasis added) (citing *Mecca Multimedia, Inc. v. Kurzbard*, 954 So.2d 1179, 1182 (Fla. 3rd DCA 2007); *Leviten v. Gaunt*, 347 So.2d 452, 453 (Fla. 3rd DCA 1977)).

In the instant motion (DE [10]), Plaintiffs allege Defendant is a Florida resident conducting business for a non-profit, Beezrat Hashem, Inc., in Hollywood, Florida, and that Defendant is concealing his whereabouts to evade service.  Plaintiffs' Complaint (DE [1]), however, does not allege the jurisdictional prerequisites for substitute service under section 48.181.  "Unfortunately, this deficiency cannot be cured by the subsequently filed [Motion], demonstrating the [P]laintiff's efforts to locate the [D]efendant." *Taverna Opa Trademark Corp.*, 2009 WL 1220513, at *1 (citing *Alvarado v. Cisneros*, 919 So. 2d 585, 589 (Fla. 3d DCA 2006).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Second Motion for Extension of Time to Serve Defendant (DE [10]) is **GRANTED IN PART**.  Plaintiffs have until **March 11, 2022**, to perfect service upon the Defendant Yaron Reuven, and file proof of service.  This deadline will not be extended.  *Failure to timely comply with this Order will result in a dismissal without prejudice and without further notice*.

Furthermore, Plaintiffs' Motion for Substitute Service on Defendant and Incorporated Memorandum of Law (DE [9]) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of January 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF